An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

THOMAS M. BOLICH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65493

**FILED**

JUL 2 2 2014



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order dismissing a petition for a writ of mandamus, or alternatively, a writ of prohibition filed in a criminal case.[1] Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

In his petition filed on March 7, 2014, appellant challenged the Nevada Department of Corrections' failure to place him in a minimum custody facility pursuant to NRS 484C.410(1), and several prison disciplinary violations. It appears that appellant further complained about the conditions of his confinement. Appellant sought placement in a minimum security facility, work credits, the levy of a fine against the Department, and damages.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust or station or to control an arbitrary or capricious exercise of discretion. NRS

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-23843

4.160; *Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 637 P.2d 534 (1981). A writ of prohibition serves to arrest "the proceedings of any . . . board . . . exercising judicial functions, when such proceedings are without or in excess of the jurisdiction of such . . . board." NRS 34.320. A writ of mandamus and a writ of prohibition may issue only where there is no plain, speedy, and adequate remedy at law. NRS 34.170; NRS 34.330. Petitions for extraordinary writs are addressed to the sound discretion of the court. *State ex rel. Dep't Transp. v. Thompson*, 99 Nev. 358, 662 P.2d 1338 (1983). Based upon our review of the record on appeal, we conclude that the district court did not abuse its discretion in dismissing the petition.

First, the petition, which appellant acknowledged did not challenge the validity of his judgment of conviction, was improperly filed in the criminal case and should have been filed as a separate civil action.

Second, notwithstanding the improper filing of the petition in the criminal case, appellant failed to demonstrate that any duty was violated or that any actor exceeded their jurisdiction. While NRS 484C.410(1) provides that a person convicted of felony DUI must be segregated from violent offenders and be assigned to a minimum security facility or institution, this provision is qualified by the language "insofar as practicable." The documentation provided by appellant shows that he has been incarcerated in minimum security facilities but medical issues and disciplinary violations have caused him to be removed from the minimum security facilities. Appellant is not entitled to the selection of a minimum security facility of his choosing and must meet all requirements for any minimum security facility or institution.

Third, any challenge to the computation of time served, including the loss of credits as a result of prison disciplinary violations must be raised in a post-conviction petition for a writ of habeas corpus. *See* NRS 34.724(2)(c).

Fourth, any challenges to his medical treatment and the conditions of his confinement are not appropriate in a petition for a writ of mandamus or prohibition as there are other adequate remedies at law. NRS 34.170; NRS 34.330. Accordingly, we

ORDER the judgment of the district court AFFIRMED.



_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:   Hon. Elizabeth Goff Gonzalez, District Judge
      Thomas M. Bolich
      Attorney General/Las Vegas
      Eighth District Court Clerk